IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

KEVIN WILLIAMS                                                                                            PLAINTIFF
ADC # 169904

v.                                              4:23CV00451-LPR-JTK

FITZPATRICK, et al.                                                                                   DEFENDANTS

## ORDER

Kevin Williams ("Plaintiff") is in custody at the Cummins Unit of the Arkansas Division of Correction ("ADC"). He filed a pro se complaint pursuant to 42 U.S.C. § 1983 against multiple ADC officials. (Doc. No. 2). The Court now must screen Plaintiff's claims pursuant to the Prison Litigation Reform Act ("PLRA") and the in forma pauperis statute.

**I.   Screening**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). See also 28 U.S.C. § 1915(e) (screening requirements).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**II.    Discussion**

    **A.    Plaintiff Complaint**

Plaintiff sued Lieutenant Fitzpatrick and Sergeants Jackson, Vincient, and Reed in their personal capacities.  (Doc. No. 2 at 1).  Plaintiff alleges that on January 19, 2023, Defendant Fitzpatrick subjected Plaintiff to a urine test that "was not random and not based on any suspicion that was adequate."  (Id. at 2).  Plaintiff says that as he was being subjected to the urine test, Defendant Fitzpatrick decided to subject Plaintiff to a strip search as well.  (Id.).  According to Plaintiff, Defendant Fitzpatrick performed the search in the public setting of the library, behind a see-through blanket that was hung upon a shelf to form a make-shift partition that provided inadequate privacy.  (Id. at 2, 3).  Three female guards, Defendants Jackson, Vincient, and Reed, witnessed the search through the blanket, which humiliated Plaintiff and caused him shame.  (Id. at 2).  Plaintiff alleges Defendant Fitzpatrick intended the search "to be used as sexual harassment/abuse."  (Id. at 3).  Plaintiff seeks damages for the alleged violation of his rights. (Doc. No. 2 at 3).

### B. Personal Capacity Claims Under 42 U.S.C. § 1983

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)). Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. See Iqbal, 556 U.S. at 678.

#### 1. Urine Test

The Court of Appeals for the Eighth Circuit has held that the random urine testing of inmates does not constitute an unlawful search under the Fourth Amendment. Spence v. Farrier, 807 F.2d 753, 755 (8th Cir. 1986).

Plaintiff alleges he was subjected to a urine test that that "was not random and not based on any suspicion that was adequate." (Doc. No. 2 at 2). Plaintiff provides no further detail in support of this claim; he only sets out the elements of a claim. Without more, these bare allegations fail to state a claim on which relief may be granted.

#### 2. Strip Search

Plaintiff also alleges that Defendants violated his rights when Defendant Fitzpatrick strip searched Plaintiff in the library behind a see-through blanket, witnessed by Defendants Jackson, Vincient, and Reed. (Id. at 2,3).

The Court of Appeals in the Eighth Circuit has held that strip searches should be conducted by officers of the same sex, barring exigent circumstances. Richmond v. City of Brooklyn Center,

490 F.3d 1002, 1008 (8th Cir.2007). Here, Plaintiff does not allege that Defendant Fitzgerald was a member of the opposite sex.

Plaintiff does allege that Defendants Jackson, Vincient, and Reed are female. (Doc. No. 2 at 2). But prisoners do not have an unequivocal right not to be observed unclothed by members of the opposite sex. See, for example, Bell v. Conard, 749 F. App'x 490, 491 (8th Cir. 2019) (no violation where female guards monitored plaintiff through surveillance cameras); Story v. Foote, 782 F.3d 968, 972 (8th Cir. 2015) ("[T]he male officers did not violate Story's clearly established rights by conducting the inspection in a location where a female officer also may have viewed the search from the master control room through a video feed from a security camera."); Hill v. McKinley, 311 F.3d 899, 903 (8th Cir. 2002) (female detainee's constitutional rights not violated when she was made to undress in front of male guard); Timm v. Gunter, 917 F.2d 1093, 1102 (8th Cir. 1990) ("Whatever minimal intrusions on an inmate's privacy may result from [opposite-sex] surveillance, whether the inmate is using the bathroom, showering, or sleeping in the nude, are outweighed by institutional concerns for safety and equal employment opportunities."); Robinson v. Boulier, 121 F.3d 713, at *1-2 (8th Cir. 1997) (no violation from female officers' "panoramic view" of male inmate shower and toilet areas).

Here, Plaintiff says he was behind a blanket, though he claims the blanket was see-through. A grievance attached to Plaintiff's Complaint reflects that the search was carried out behind a screen. (Doc. No. 2 at 5). Considering that Plaintiff was shielded to some extent from view of Defendants Jackson, Vincient, and Reed, the Court finds that Plaintiff's allegations fail to state a claim on which relief may be granted. Plaintiff also alleges that Defendants' actions violated prison policy. Violation of prison policy, without more, is not sufficient to establish liability under 42 U.S.C. § 1983. Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997).

### C. Superseding Amended Complaint

Plaintiff may amend his Complaint to cure the defects explained above. If Plaintiff decides to amend, Plaintiff should submit to the Court, within thirty (30) days of the entry date of this Order, a superseding Amended Complaint that contains in a single document his claims against all Defendants he is suing. Plaintiff is cautioned that an Amended Complaint renders his original Complaint without legal effect.[1] Only claims properly set out in the Amended Complaint will be allowed to proceed. Therefore, Plaintiff's Amended Complaint should: **1) name each party he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner, including dates, times, and places if possible; 3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; 4) explain the reasons for an official capacity claim, if he makes one; 5) explain how each defendant's actions harmed him personally; 6) explain the relief he seeks; and 7) otherwise cure the defects explained above and set out viable claims.**

If Plaintiff does not submit an Amended Complaint, I may recommend that his Original Complaint be dismissed. See 28 U.S.C. § 1915A(a); Loc. R. 5.5(c)(2).

## III. Conclusion

IT IS, THEREFORE, ORDERED that:

1. If Plaintiff wishes to submit an Amended Complaint for the Court's review, he shall file the Amended Complaint consistent with the above instructions within thirty (30) days from

---

[1] "An amended complaint 'ordinarily supersedes the original and renders it of no legal effect.'" In Home Health, Inc. v. Prudential Ins. Co. of America, 101 F.3d 600, 603 (8th Cir. 1996), quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1994) (other citations omitted).

5

the date of this Order. If Plaintiff does not submit an Amended Complaint, I may recommend that his Original Complaint be dismissed. <u>See</u> 28 U.S.C. § 1915A(a); Loc. R. 5.5(c)(2).

2.  The Clerk of the Court is directed to mail Plaintiff a blank 42 U.S.C. § 1983 Complaint form.

Dated this 19th day of May, 2023.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE