**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

KEVIN WILLIAMS                                                                                      PLAINTIFF
ADC # 169904

v.                                              4:23CV00451-LPR-JTK

FITZPATRICK, et al.                                                                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition ("Recommendation") has been sent to United

States District Judge Lee P. Rudofsky.   Any party may file written objections to all or part of this

Recommendation.    If you do so, those objections must: (1) specifically explain the factual and/or

legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14)

days of this Recommendation.    By not objecting, you may waive the right to appeal questions of

fact.

**DISPOSITION**

**I.      Introduction**

Kevin Williams ("Plaintiff") is in custody at the Cummins Unit of the Arkansas Division

of Correction ("ADC").   He filed a pro se complaint pursuant to 42 U.S.C. § 1983 against multiple

ADC officials, as well as a Motion to Proceed In Forma Pauperis, which was granted.   (Doc. Nos.

1, 2, 4).   The Court screened Plaintiff's Complaint pursuant to the Prison Litigation Reform Act

("PLRA") and found that Plaintiff failed to state a claim upon which relief may be granted.   (Doc.

No. 5).   Plaintiff was given the opportunity to file an Amended Complaint within 30 days to cure

the deficiencies in his pleading.   (Id.)   Plaintiff has not filed an Amended Complaint, and the time

for doing so has passed. (Id.) For the reasons set out below, the Court recommends that Plaintiff's Complaint be dismissed for failure to state a claim on which relief may be granted.

## II.      Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).   The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).   See also 28 U.S.C. § 1915(e) (screening requirements).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).   Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.   See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.   Haines v. Kerner, 404 U.S. 519, 520 (1972).   The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.   Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III.    Discussion

### A.    Plaintiff's Complaint

Plaintiff sued Lieutenant Fitzpatrick and Sergeants Jackson, Vincient, and Reed in their personal capacities.  (Doc. No. 2 at 1).  Plaintiff alleged that on January 19, 2023, Defendant Fitzpatrick subjected Plaintiff to a urine test that "was not random and not based on any suspicion that was adequate."  (Id. at 2).  Plaintiff says that as he was being subjected to the urine test, Defendant Fitzpatrick decided to strip search Plaintiff, as well.  (Id.).  According to Plaintiff, Defendant Fitzpatrick performed the search in the public setting of the library, behind a see-through blanket that was hung upon a shelf to form a make-shift partition that provided inadequate privacy.  (Id. at 2, 3).  Three female guards, Defendants Jackson, Vincient, and Reed, witnessed the search through the blanket, which humiliated Plaintiff and caused him shame.  (Id. at 2).  A grievance attached to Plaintiff's Complaint reflects that Plaintiff's search was conducted behind a screen.  (Id. at 5).  Plaintiff alleges Defendant Fitzpatrick intended the search "to be used as sexual harassment/abuse."  (Doc. No. 2 at 3).  Plaintiff seeks damages for the alleged violation of his rights.  (Id. at 3-4).

### B.    Personal Capacity Claims Under 42 U.S.C. § 1983

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."  Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)).  Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983.   See Iqbal, 556 U.S. at 678.

### 1.    Urine Test

The Court of Appeals for the Eighth Circuit has held that random urine testing of inmates does not constitute an unlawful search under the Fourth Amendment.   Spence v. Farrier, 807 F.2d 753, 755 (8th Cir. 1986).   Further, "prison administrators are accorded 'wide-ranging deference in the adoption . . . of . . . practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."   Id.

Plaintiff alleges he was subjected to a urine test that that "was not random and not based on any suspicion that was adequate."   (Doc. No. 2 at 2).   Plaintiff's allegation is a recitation of the elements of a cause of action.   The Court gleans from Plaintiff's Complaint that Plaintiff was targeted for a urine test based on some suspicion or reason, but Plaintiff does not make any further factual allegations that provide background or context to his claim.   The Court gave Plaintiff the chance to explain his claim further, but Plaintiff did not do so.   As currently pled, Plaintiff's assertion does not indicate that the suspicion or reason Plaintiff was selected for a urine test resulted in a violation of his Fourth Amendment rights.   Without more, Plaintiff's bare allegations fail to state a claim on which relief may be granted.

### 2.    Strip Search

Plaintiff also alleges that Defendants violated his rights when Defendant Fitzpatrick strip searched Plaintiff in the library behind a see-through blanket, witnessed by Defendants Jackson, Vincient, and Reed.   (Doc. No. 2 at 2, 3).

The Court of Appeals in the Eighth Circuit has held that strip searches should be conducted by officers of the same sex, barring exigent circumstances.   Story v. Foote, 782 F.3d 968, 972 (8th Cir. 2015) (citing Richmond v. City of Brooklyn Center, 490 F.3d 1002, 1008 (8th Cir.2007)). Here, Plaintiff does not allege that Defendant Fitzgerald was a member of the opposite sex.

Plaintiff does allege that Defendants Jackson, Vincient, and Reed are female.   (Doc. No. 2 at 2).   But prisoners do not have an unequivocal right not to be observed unclothed by members of the opposite sex.   See, for example, Bell v. Conard, 749 F. App'x 490, 491 (8th Cir. 2019) (no violation where female guards monitored plaintiff through surveillance cameras); Story, 782 F.3d at 972 ("[T]he male officers did not violate Story's clearly established rights by conducting the inspection in a location where a female officer also may have viewed the search from the master control room through a video feed from a security camera."); Hill v. McKinley, 311 F.3d 899, 903 (8th Cir. 2002) (female detainee's constitutional rights not violated when she was made to undress in front of male guard); Timm v. Gunter, 917 F.2d 1093, 1102 (8th Cir. 1990) ("Whatever minimal intrusions on an inmate's privacy may result from [opposite-sex] surveillance, whether the inmate is using the bathroom, showering, or sleeping in the nude, are outweighed by institutional concerns for safety and equal employment opportunities."); Robinson v. Boulier, 121 F.3d 713, at *1-2 (8th Cir. 1997) (no violation from female officers' "panoramic view" of male inmate shower and toilet areas).

Here, Plaintiff says he was behind a blanket, though he claims the blanket was transparent. A grievance attached to Plaintiff's Complaint reflects that the search was carried out behind a screen.   (Doc. No. 2 at 5).   Considering that Plaintiff was shielded to some extent from view of Defendants Jackson, Vincient, and Reed, the Court finds that Plaintiff's allegations fail to state a claim on which relief may be granted—even if there was a violation, in light of the law set out above Defendants would be entitled to qualified immunity.   Plaintiff also alleges that Defendants' actions violated prison policy.   Violation of prison policy, without more, is not sufficient to establish liability under 42 U.S.C. § 1983.   Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997).

**IV.     Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1.      This action be DISMISSED without prejudice for failure to state a claim on which relief may be granted;

2.      The Court recommend[1] that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g);[2] and

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

DATED this 21st day of June, 2023.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The number of strikes a plaintiff has accrued may be determined only by looking backwards to past dismissals; 28 U.S.C. § 1915(g) leaves the effective decision to the later tribunal. Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

[2] Title 28 U.S.C. § 1915(g) provides as follows:   "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."